UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05-CV-30-M

VERNON EUGENE PAGE                                                    PLAINTIFF

v.

NANCY ANKROM, et al.                                               DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Vernon Eugene Page, *pro se*, seeks compensatory and punitive damages, under 42 U.S.C. § 1983, from the deputy jailer and two nurses employed at the Daviess County Detention Center, in their official and individual capacities, for alleged violations of Plaintiff's rights under the Eighth Amendment to the Federal Constitution. Plaintiff alleges he missed several doses of his prescription medications. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to allege exhaustion of available, administrative remedies, as per 42 U.S.C. § 1997e.

When a prisoner challenges the conditions of confinement under federal law in a civil action for damages, the Prison Litigation Reform Act, 42 U.S.C. § 1997e, first requires the prisoner to exhaust all administrative remedies available. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (Congress afforded corrections officials the opportunity to address complaints internally to improve prison administration and to facilitate judicial review by creating an administrative record that "clarifies the contours of the controversy.")

Exhaustion of administrative remedies is mandatory: if an inmate fails to exhaust his claim through the jail's grievance process, the court must dismiss the complaint without prejudice, even if the inmate believes exhaustion would be futile. *Booth v. Churner,* 532 U.S. 731, 741 (2001); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). Federal court review is

premature if an inmate has completed only the first step of the administrative process and failed to appeal a grievance to the highest institutional authority. *Booth*, at 731.

If the suit seeks relief from more than one prison official, the inmate must exhaust administrative remedies against each institutional defendant on each claim. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003). Further, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describ[ing] with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *see also Bey v. Johnson*, 407 F.3d 801(6th Cir. 2005).

A case involving multiple claims and multiple defendants requires an individualized analysis. *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004). A grievance statement satisfies the exhaustion requirement if it "gave the prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Burton*, 321 F.3d at 575; *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003).

Attached to the complaint are copies of two grievances, dated September 30, 2004 and January 7, 2005, in which Plaintiff complains he was not receiving prescribed medications. Neither grievance identifies a nurse by name or sets forth any allegations pertinent to the deputy jailer. In the complaint, Plaintiff admits he did not appeal these grievances to the jailer, as provided in the grievance procedures of the Daviess County Detention Center. It appears that Plaintiff completed only the first step of the grievance process.

The Court must therefore dismiss the complaint, without prejudice, for failure to allege

2

exhaustion of the available, administrative remedies.  Moreover, the Sixth Circuit Court of Appeals holds that § 1915A does not permit a prisoner any opportunity to amend the complaint to avoid *sua sponte* dismissal.  *McGore*, 114 F.3d at 612.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:      Plaintiff, *pro se*

4414.007